UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERMAIN BURNETT, #267845,

        Petitioner,

                                             CASE NO. 2:08-CV-11901
v.                                            HONORABLE LAWRENCE P. ZATKOFF

THOMAS BELL,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Germain Burnett ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, wherein he asserts that he is being held in violation of his constitutional rights. In his petition, Petitioner raises claims concerning the validity of his sentence, judicial bias, the effectiveness of trial and appellate counsel, and the amount of restitution. Respondent has filed an answer to the petition, contending that it should be denied. For the reasons stated, the Court finds that Petitioner is not entitled to federal habeas relief and denies the petition. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.    Facts and Procedural History**

Petitioner's convictions arise from the beating and death of Johnny McFadden in Flint, Michigan on January 18, 2003. On June 19, 2003, Petitioner pleaded guilty in two Genesee County

1

Circuit Court cases to assault with intent to commit great bodily harm less than murder, Mich. Comp. Laws § 750.84, accessory after the fact, Mich. Comp. Laws § 767.39, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, and being a second habitual offender, Mich. Comp. Laws § 769.10, in exchange for the dismissal of greater charges, including first-degree murder and conspiracy, pursuant to a plea bargain with no sentencing agreement. At the plea hearing, the trial court informed Petitioner of the charges and the maximum sentences for each offense. Petitioner acknowledged his understanding of the plea bargain and the consequences of his plea and stated that he was pleading guilty of his own free will. Petitioner also provided a factual basis for his pleas, stating that he went to his uncle's house and participated in an assault upon the victim who was held at gunpoint and beaten with fists and a baseball bat. While Petitioner was away from the residence, other men sodomized the victim with a bottle and forced the victim to eat lit cigarettes. The victim ultimately was taken to another location and killed. Petitioner helped clean the car which was used to transport the victim. The trial court accepted the plea.

On September 4, 2003, the trial court conducted a sentencing hearing during which counsel objected to the scoring of several offense variables of the state sentencing guidelines. Following that hearing, the trial court sentenced Petitioner as a second habitual offender to 10 to 15 years imprisonment on the assault conviction, concurrent terms of 3 to 7½ years imprisonment on the accessory and felon in possession convictions, and a consecutive term of two years imprisonment on the felony firearm conviction. The trial court also ordered that Petitioner pay restitution in the amount of $7,068. Petitioner subsequently filed a motion for re-sentencing. The trial court conducted a hearing on September 20, 2004 and denied the motion.

2

Petitioner, through counsel, filed a delayed application for leave to appeal with the Michigan Court of Appeals. Therein, he raised two sentencing claims, but the appeal was rejected as untimely on August 4, 2005. Petitioner filed a motion for reconsideration, which was denied without prejudice to Petitioner filing a motion for relief from judgment. *People v. Burnett*, No. 263330 (Mich. Ct. App. Oct. 5, 2005).

On March 2, 2006, Petitioner filed a motion for relief from judgment with the state trial court, wherein he raised the same claims presented in his habeas petition. The trial court denied the motion, finding that the claims lacked merit. *People v. Burnett*, No. 03-FC-11515 (Genesee Co. Cir. Ct. Sept. 20, 2006). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied because he "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Burnett*, No. 276407 (Mich. Ct. App. June 15, 2007) (unpublished). Petitioner's application for leave to appeal with the Michigan Supreme Court was similarly denied. *People v. Burnett*, 480 Mich. 1146, 746 N.W.2d 106 (2008).

Petitioner thereafter filed the present habeas petition, raising the following claims:

I. The trial court abused its discretion where it wrongly scored points for offense variables 4, 7, and 8 where these errors resulted in the scoring of 75 points that should not have been scored.

II. The trial court erred where it exceeded the guideline of 34 to 83 months and imposed the maximum possible sentence of 10 to 15 years in prison. The trial court missed the opportunity to correct its error when it denied his post-judgment motion for re-sentencing thus entitling him to re-sentencing.

III. The trial judge injected his personal bias into the sentencing.

IV. He was denied his state and federal constitutional right to effective assistance of trial counsel at a critical stage in the sentencing proceedings.

V. He is only one of seven defendants and should be held responsible for 1/7 of the court-ordered restitution.

VI. He was denied the effective assistance of appellate counsel.

Respondent has filed an answer to the petition contending that it should be denied for lack of merit.[1]

Petitioner has filed a reply to that answer.

**III. Standard of Review**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)

---

[1] Respondent only specifically addresses the first four habeas claims in the answer. Petitioner contends that the Court should construe this failure as a default or concurrence with claims five and six. A default judgment, however, is unavailable in a federal habeas proceeding based upon the State's failure to properly answer a petition. *See Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970).

4

(per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Additionally, §2254(e)(1) requires that a federal habeas court presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption

5

only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

In this case, the state trial court denied relief on the merits of Petitioner's claims in denying his motion for relief from judgment by finding that he had failed to establish prejudice under Michigan Court Rule 6.508(D)(3). The state appellate courts denied leave to appeal for failure "to meet the burden of establishing entitlement to relief under MCR 6.508(D)." To the extent the state courts did not specifically address whether the alleged errors constituted a denial of Petitioner's federal constitutional rights, the deference due under 28 U.S.C. § 2254(d) does not apply, and habeas review of such claims is *de novo*. *See Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)). In any event, under either standard of review, the Court finds that Petitioner's claims lack merit and he is not entitled to federal habeas relief.

## IV. Analysis

### A. Scoring of the Michigan Sentencing Guidelines

Petitioner first asserts that he is entitled to habeas relief because the trial court erred in scoring offense variables 4 (psychological injury to the victim), 7 (aggravated physical abuse), and 8 (victim asportation or captivity) of the Michigan sentencing guidelines. He also asserts that the trial court relied upon facts not proven beyond a reasonable doubt in scoring those offense variables.

Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceeds the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentences are within the statutory maximums. *See* Mich.

Comp. Laws §§ 750.84, 767.39, 750.224f, 750.227b. Sentences imposed within the statutory limits are generally not subject to federal habeas review. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Lucey*, 185 F. Supp. 2d at 745; *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner's assertion that his sentence is invalid because the trial court incorrectly scored three offense variables under the state sentencing guidelines fails to state a claim for federal habeas relief because it is a state law claim. *See Austin v. Jackson*, 231 F.3d 298, 300-01 (6th Cir. 2000) (citing *Pulley v. Harris*, 465 U.S. 27, 41 (1984)); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Moreover, the trial court found that any error in scoring those offense variables did not affect the guideline range. That determination is entitled to deference on habeas review. State courts are the final arbiters of state law and federal courts will not intervene in such matters. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief is not warranted on this state law claim.

Petitioner also is not entitled to relief on any claim that his sentence was based upon inaccurate information. A sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (criminal defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must show that the trial judge relied on the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner has made no such showing. The record reveals that the trial court considered the circumstances of the crime, the pre-sentence report, and other permissible factors

7

at sentencing. Petitioner had an opportunity to contest the accuracy of the reports, the scoring of the guidelines, and other sentencing matters. Petitioner has not shown that the trial court relied upon materially false or inaccurate information which Petitioner had no opportunity to correct. Therefore, habeas relief is not warranted on such a basis.

Petitioner also asserts that he is entitled to habeas relief because the trial court relied upon facts not proven beyond a reasonable doubt when imposing his sentence. In *Apprendi v. New Jersey*, 530 U.S. 466, 530 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004), the Supreme Court, applying *Apprendi* to a state sentencing guideline scheme under which the maximum penalty could be increased by judicial fact-finding, held that the state guideline scheme violated a defendant's Sixth Amendment rights, and reiterated that any fact that increased the maximum sentence must be admitted by the defendant or proven to a jury beyond a reasonable doubt. *See also United States v. Booker,* 543 U.S. 220, 232 (2005).

The *Blakely* line of cases does not apply to Michigan's intermediate sentencing scheme. In Michigan, the maximum sentence is established by statute and cannot be varied by the sentencing judge; the judge's only discretion is in setting the minimum sentence. The federal courts within this Circuit have examined Michigan's indeterminate sentencing scheme and have found no Sixth Amendment violation. *See Arias v. Hudson*, 589 F.3d 315, 317-18 (6th Cir. 2009) (reaffirming that judicial fact-finding which increases a minimum sentence does not run afoul of *Blakely* but noting that the Supreme Court granted certiorari in *United States v. O'Brien*, 130 S. Ct. 49 (2009), a case involving fact-finding which increased a minimum sentence); *Chontos v.*

*Berghuis,* 585 F.3d 1000, 1001-02 (6th Cir. 2009) (state court did not violate habeas petitioner's Sixth Amendment rights by relying upon facts which increased his minimum sentence but did not exceed the statutory maximum); *Tironi v. Birkett,* No. 06-1557, 2007 WL 3226198, *1-2 (6th Cir. Oct. 26, 2007) (unpublished); *Delavern v. Harry,* No. 07-CV-13293, 2007 WL 2652603, *3-4 (E.D. Mich. Sept. 7, 2007); *McNall v. McKee,* No. 1:06-CV-760, 2006 WL 3456677, *2 (W.D. Mich. Nov. 30, 2006); *accord People v. Drohan,* 715 N.W.2d 778, 789-790 (Mich. 2006). Petitioner's sentences are within the statutory maximums. No *Blakely* violation occurred. Habeas relief is not warranted.

### B. Upward Sentencing Departure

Petitioner also asserts that he is entitled to habeas relief because the trial court erred in departing upward from the recommended sentencing guideline range for his minimum sentence. This claim is not cognizable on federal habeas review because it is a state law claim. *See Austin*, 231 F.3d at 300-01; *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov.19, 1993) (ruling that departure from state sentencing guidelines is a state law issue which is not cognizable on federal habeas review); *McPhail*, 412 F. Supp. 2d at 656; *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). "In short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *see also Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). Any alleged error in departing above the guideline range does not merit habeas relief. Petitioner's sentences were within the statutory maximum. Moreover, the trial court found that the

9

upward departure was justified under state law based upon the brutal nature of the crime. As noted, state courts are the final arbiters of state law and federal courts will not intervene in such matters.

Petitioner also is not entitled to habeas relief on any claim that his sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *See Harmelin*, 501 U.S. at 965; *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin*, 213 F.3d at 302 (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *Thomas*, 49 F.3d at 261. Petitioner was sentenced to 10 to 15 years imprisonment on his assault conviction, 3 to 7½ years imprisonment on his accessory and felon in possession convictions, and two years imprisonment on his felony firearm conviction. As discussed, those sentences are within the statutory maximums. The trial court acted within its discretion in imposing Petitioner's sentence. There is no extreme disparity between his crime and sentence so as to offend the Eighth Amendment. Habeas relief is not warranted on this claim.

### C. Judicial Bias Claim

Petitioner next asserts that he is entitled to habeas relief because the trial judge exhibited personal bias against him at sentencing. Petitioner cites to the trial judge's comments on the heinous nature of the crime, his belief that Petitioner was as liable as the other defendants, and his desire to impose the maximum sentence, as well as his remarks that Petitioner was older than the

other defendants, was related to the chief protagonist, and could have intervened to stop the crime.

The Due Process Clause of the Fourteenth Amendment requires a fair trial in a fair tribunal before a judge with no actual bias against the defendant or an interest in the outcome of the case. *See Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997). Judicial misconduct claims involve two types of cases. One group addresses charges of "judicial bias" stemming from a trial judge's "personal interest" in the outcome of a case, usually derived from some extrajudicial association with the cause or with one of the parties. *See In re Murchison*, 349 U.S. 133, 136 (1955). The second group concerns charges of "judicial misconduct" in which the trial judge is accused of conducting the proceedings in a manner which strongly suggests that the judge disbelieves the defense or favors the prosecution. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994); *see also Alley v. Bell*, 307 F.3d 380, 386 (6th Cir. 2002). To violate a defendant's right to a fair proceeding, the judge's intervention in the case must be significant and detrimental to the defendant to a substantial degree. *See McBee v. Grant*, 763 F.2d 811, 818 (6th Cir. 1985); *see also Duckett v. Godinez*, 67 F.3d 734, 740 (9th Cir. 1995) (state trial judge's behavior must render the trial fundamentally unfair to warrant habeas relief). Adverse rulings themselves are not sufficient to establish bias or prejudice. *See Liteky*, 510 U.S. at 555 ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *United States v. Hynes*, 467 F.3d 951, 960 (6th Cir. 2006) (citing *Liteky*).

The state trial court denied relief on this claim, finding that the comments at sentencing "accurately reflected the facts of the case" and that Petitioner had failed to show that the court was biased against him. This Court agrees. While the judge's comments reflected his outrage about the brutality of the crime and Petitioner's conduct that day, a review of the record fails to establish that he exhibited personal bias against Petitioner. Rather, the judge considered the circumstances

of the crime, Petitioner's background, and the relevant sentencing reports and arguments in imposing sentence. Petitioner has not shown that the trial judge was personally biased against him, engaged in misconduct, or otherwise deprived him of a fundamentally fair proceeding. Habeas relief is not warranted on this claim.

### D. Effectiveness of Trial Counsel

Petitioner next asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to object to the trial judge's comments during the sentencing hearing. In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions might be considered sound trial strategy. *Id.* at 689.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The state trial court denied relief on this claim finding that Petitioner could not establish that trial counsel was ineffective because Petitioner had failed to establish that the judge's comments at sentencing were improper or showed personal bias. This Court agrees. Given that the trial judge's comments were based upon the facts of the case and there is no evidence of personal bias, Petitioner cannot establish that counsel erred and/or that he was prejudiced by counsel's conduct in this regard. Defense counsel cannot be deemed deficient for failing to make a futile objection or motion. *See McQueen*, 99 F.3d at 1328. Habeas relief is not warranted on this claim.

**E.     Restitution**

Petitioner also asserts that he is entitled to habeas relief because he should only be required to pay 1/7 of court-ordered restitution of $7,068. However, the writ of habeas corpus may be granted only if a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A fine is not a sufficient restraint on liberty to meet the "in custody" requirement of the statute. *See United States v. Watroba*, 56 F.3d 28, 28-29 & 29 n. 1 (6th Cir. 1995) (construing custody requirement of 28 U.S.C. § 2255); *see also Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997); *Tinder v. Paula*, 725 F.2d 801, 805 (1st Cir. 1984). Because the appropriate relief on this claim would be amendment of the restitution order and not

release from custody, the grant of a writ of habeas corpus is inappropriate. *See Spight v. Stovall*, No. 07-CV-14230, 2008 WL 2447151, *4-5 (E.D. Mich. June 18, 2008); *Carter v. Smith*, No. 06-CV-11927, 2007 WL 325358, *7 (E.D. Mich. Jan. 31, 2007); *accord Flores v. Hickman*, 533 F. Supp. 2d 1068, 1085 (C.D. Cal. 2008). As several other Circuits have concluded, neither 28 U.S.C. § 2241 nor § 2254 may be used to challenge a restitution order. *Lara v. Smith*, 132 F. App'x 420, 421 (3d Cir. 2005) (unpublished); *Taylor v. Hamlet*, 88 F. App'x 220, 220 (9th Cir. 2004) (unpublished opinion citing *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999)). Habeas relief is not warranted on this claim.

### F. Effectiveness of Appellate Counsel

Lastly, Petitioner asserts that he is entitled to habeas relief because appellate counsel was ineffective for failing to timely seek leave to appeal on direct appeal of his convictions. The Sixth Amendment guarantees a criminal defendant the right to the effective assistance of counsel on direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). The *Strickland* standard applies to claims of ineffective assistance of appellate counsel, as well as trial counsel. Thus, a petitioner must ordinarily establish that appellate counsel's performance was deficient and that he was prejudiced by counsel's conduct. *Strickland*, 466 U.S. at 687. However, when counsel fails to provide any assistance to a criminal defendant at a critical stage of the proceedings, prejudice may be presumed if counsel's failure "rendered the proceeding presumptively unreliable or entirely nonexistent." *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000) (citations omitted). In *Roe*, the Supreme Court held that appellate counsel's failure to file a notice of appeal, which resulted in the complete denial of an appeal the defendant would have otherwise taken, warranted a presumption of prejudice and resulted in the denial of the right to the effective assistance of counsel. *Id*. at

14

483-84.

In this case, the Michigan Court of Appeals stated that appellate counsel was "ineffective" for failing to file a timely application for leave to appeal on direct appeal (and dismissed the appeal without prejudice to the filing of a motion for relief from judgment). This Court assumes that counsel's performance was deficient. *See Walker v. McKee*, 366 F. Supp. 2d 544, 548 (E.D. Mich. 2005). The question on habeas review is whether appellate counsel's failure to timely seek leave to appeal on direct appeal warrants a presumption of prejudice under *Roe* or whether Petitioner must demonstrate prejudice under *Strickland*. That question in turn depends upon whether counsel's deficient performance rendered the appellate process "presumptively unreliable or entirely nonexistent." *Walker*, 366 F. Supp. 2d at 548-49 (quoting *Roe*).

Having considered the matter, this Court concludes that appellate counsel's failure to timely seek leave to appeal did not render the appellate process presumptively unreliable or nonexistent because Petitioner was able to have his claims considered by the state courts on post-conviction review. Consequently, there is no presumption of prejudice under *Roe* in this case. *See Marrero v. White*, No. 06-13953, 2009 WL 3190419, *8 (E.D. Mich. Sept. 28, 2009) (no presumption of prejudice where petitioner avails himself of post-conviction motion avenue); *Drumm v. Warren*, 2005 WL 3107772, *3 (E.D. Mich. Nov. 18, 2005) (same); *see also Walker*, 366 F. Supp. 2d at 548-49 (no presumption of prejudice where appellate counsel failed to pursue timely direct appeal but filed a delayed application for leave to appeal which was denied for lack of merit); *but see Benoit v. Bock*, 237 F. Supp. 2d 804 (E.D. Mich. 2003) (presumption of prejudice applied where appellate counsel failed to perfect appeal of right, subsequent motion for new trial was denied, and

delayed application for leave to appeal was denied for lack of merit).[2]

The remaining question is whether appellate counsel's failure to timely file the application for leave to appeal on direct appeal prejudiced Petitioner under the *Strickland* standard. The Court concludes that Petitioner was not so prejudiced. Appellate counsel's failure to timely seek leave to appeal did not prevent Petitioner from challenging his convictions and sentences in the state courts because he was able to have his claims considered on post-conviction or collateral review. A post-conviction motion is an "adequate substitute for direct appellate review" such that Petitioner cannot demonstrate that appellate counsel's failure to timely file an application for leave to appeal prejudiced him. *See Hollin v. Sowders*, 710 F.2d 264, 266 (6th Cir. 1983) (finding post-conviction motion an adequate substitute for direct appellate review); *Marrero*, 2009 WL 3190419 at *8 (habeas petitioner was not prejudiced by appellate counsel's failure to timely file application for leave to appeal because he was able to present his claims in post-conviction motion); *Hudson v. Vasbinder*, No. 2:07-CV-11925, 2008 WL 5381852, *4 (E.D. Mich. Dec. 22, 2008) (same); *Bair v. Phillips*, 106 F. Supp. 2d 934, 943 (E.D. Mich. 2000) (citing *Gardner v. Ponte*, 817 F.2d 183, 189 (1st Cir. 1987)); *see also Johnson v. Warren*, 344 F. Supp. 2d 1081, 1096 (E.D. Mich. 2004) (failure to raise certain issues on direct appeal did not prejudice petitioner because such issues were eventually considered and rejected on post-conviction review by the same courts that would have heard direct appeal); *but see Dorn v. Laffler*, 601 F.3d 439 (6th Cir. 2010) (presumption of prejudice applied where direct appeal of right dismissed as untimely after correction officials

---

[2]The Court notes that this was a guilty plea conviction and, under Michigan law, Petitioner was not entitled to an appeal of right but only the right to file an application for leave to appeal. *See* Mich. Const. 1963, art. 1, § 20; *see also People v. Maxson*, 482 Mich. 385, 403, 759 N.W.2d 817 (2008) (Cavanagh, J., dissenting) ("In 1994, the Michigan Constitution was amended to provide that appeal from a guilty or *nolo contendere* plea was 'by leave of the court.'").

delayed the processing of petitioner's notice of appeal, stating that delayed applications for leave to appeal and motions for post-conviction relief in Michigan state court have additional hurdles for prisoners to satisfy). "There is no point in having the state court reconsider a case that it has already addressed." *Hollin*, 710 F.2d at 269 (Merritt, J., concurring).

Moreover, the state trial court considered the merits of Petitioner's claims and, in denying relief from judgment, stated that a timely application for leave to appeal would not have produced a different result in the case. Petitioner has thus failed to show that he was prejudiced by appellate counsel's deficient performance, and cannot establish that counsel was ineffective under *Strickland*. Habeas relief is not warranted on this claim.

## V. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition and the petition must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit

of the claims. *Id*. at 336-37.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims. No certificate of appealability is warranted in this case, nor should Petitioner be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed *in forma pauperis* on appeal is **DENIED**.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: May 24, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 24, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290